UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JUSTIN W. STAPLETON,

        Plaintiff,

    v.                         Case No. 24-cv-1545-bhl

OFFICER STABANE and
OFFICER SCHOMER,

        Defendants.

## SCREENING ORDER

       Plaintiff Justin Stapleton, who is currently serving a state prison sentence at the Green Bay Correctional Institution and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. This matter comes before the Court on Stapleton's motion for leave to proceed without prepaying the full filing fee and to screen the complaint.

### MOTION TO PROCEED WITHOUT PREPAYING THE FILING FEE

       Stapleton has requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). As required under 28 U.S.C. §1915(a)(2), Stapleton has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint and has been assessed and paid an initial partial filing fee of $1.24. Stapleton's motion for leave to proceed without prepaying the filing fee will be granted.

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555 (internal quotations omitted).

## ALLEGATIONS OF THE COMPLAINT

According to Stapleton, on March 12, 2024, he noticed his food tray was missing potato wedges, so he asked Defendant Officers Stabane and Schomer to give him a different food tray. The Defendants allegedly refused to give him a different food tray, so Stapleton held his tray through the trap door and asked that a supervisor be called to his cell. According to Stapleton, the Defendants were required by policy to contact a supervisor, but instead, they both grabbed the tray and began to pull on the tray to take it from Stapleton. Stapleton asserts that he was holding on to the tray tightly but not pulling on it and that Defendants banged his hands against the top, bottom, and sides of the trap opening, causing him significant pain.

## THE COURT'S ANALYSIS

The Eighth Amendment prohibits the "unnecessary and wanton infliction of pain" on prisoners. *Hudson v. McMillian*, 503 U.S. 1, 5 (1992). "In cases involving the claimed use of excessive force, the core judicial inquiry is whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Outlaw v. Newkirk*, 259 F.3d 833, 837 (7th Cir. 2001) (citations and internal quotation marks omitted). In evaluating an official's use of force, courts examine a variety of factors, including "the need for an application of force, the relationship between that need and the force applied, the threat reasonably perceived by the responsible officers, the efforts made to temper the severity of the force employed, and the extent of the injury suffered by the prisoner." *Id.* (quoting *Dewalt v. Carter*, 224 F.3d 607, 619 (7th Cir. 2000)). And, while a plaintiff does not have to demonstrate a significant injury to state an excessive force claim, "a claim ordinarily cannot be predicated on a *de minimis* use of force."

*Id.* at 737-38 (quoting *DeWalt*, 224 F.3d at 620).  That is because "not every malevolent touch by a prison guard gives rise to a federal cause of action, even if the use of force in question may later seem unnecessary in the peace of the judge's chambers."  *Id.* at 838 (citations omitted).

Stapleton alleges that the Defendants knocked his hands against the sides of his trap opening when they engaged in a tug-of-war with him over a food tray that he refused to let go of because he was upset that the tray was missing potato wedges.  In documents that Stapleton incorporates into his complaint by reference, *see* Fed. R. Civ. P. 10(c), he concedes that "the need behind the application of force was to get [his] tray." Dkt. No. 1-1 at 6.  In other words, Defendants applied force (by yanking on the tray to shake loose Stapleton's grip) in "a good-faith effort to maintain or restore discipline" (to take away Stapleton's unwanted food tray). While Stapleton's hands were allegedly banged against the sides of his trap opening, by Stapleton's own admission, the contact resulted from his refusal to comply with orders to let go of the tray.  Based on these allegations, the Court cannot reasonably infer that Defendants' applied force maliciously and sadistically to cause Stapleton harm.  Stapleton therefore fails to state an excessive force claim.

The Seventh Circuit has explained that the norm is to afford a plaintiff at least one opportunity to amend his complaint.  *See Zimmerman v. Bornick*, 25 F.4th 491, 494 (7th Cir. 2022).  Accordingly, if Stapleton believes he can cure the deficiencies identified in this decision, he may file an amended complaint by **April 30, 2025**.  He is advised that an amended complaint will replace the original complaint and must be complete in itself without reference to the original complaint.  *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056–57 (7th Cir. 1998).  If an amended complaint is received by the deadline, the Court will screen it as required by 28 U.S.C. §1915A.  If an amended complaint is not received, the Court will dismiss this action based on Stapleton's failure to state a claim in his original complaint.  If

4

Stapleton does not believe he can cure the deficiencies identified in this decision, he does not have to do anything further. The Court will enclose an amended complaint form along with this decision.

**IT IS THEREFORE ORDERED** that Stapleton's motion for leave to proceed *in forma pauperis* (Dkt. No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that on or before **April 30, 2025**, Stapleton may file an amended complaint if he believes he can cure the defects in the original complaint as described in this decision. The Clerk's Office is directed to mail Stapleton a blank prisoner amended complaint form.

**IT IS FURTHER ORDERED** that the agency having custody of Stapleton shall collect from his institution trust account the $348.76 balance of the filing fee by collecting monthly payments from Stapleton's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Stapleton is transferred to another institution, the transferring institution shall forward a copy of this Order along with Stapleton's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where Stapleton is located.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge

Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Stapleton is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin on April 4, 2025.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge